UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  06/30/2016
```

-------------------------------------------------------------------X
:
MICHAEL LYONS,                                                     :
:
                              Plaintiff,          :          14-CV-9697 (JMF)
:
         -v-                                      :          MEMORANDUM OPINION
:                                AND ORDER
CITY OF NEW YORK, ET. AL.,                        :
:
                              Defendant.          :
:
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff Michael Lyons, proceeding *pro se* and *in forma pauperis*, alleges that the City of

New York and several individual defendants violated his constitutional rights by depriving him

of recreation while he was incarcerated as a pretrial detainee at the Anna M. Kross Center

("AMKC") on Rikers Island.  To date, Plaintiff has served only two Defendants: the City and

Turhan Gumusdere, the Warden of AMKC.  Those Defendants now move, pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Amended Complaint.  For the

reasons stated below, that motion is GRANTED, and the Amended Complaint is dismissed.

## BACKGROUND

      The following facts, taken from the Amended Complaint, are assumed to be true for the

purposes of this motion.  *See, e.g.*, *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471,

475 (2d Cir. 2009).  From July 2, 2014, to August 7, 2014, while a pre-trial detainee at AMKC,

Lyons was denied recreation because he had not yet been issued Department of Correction

footwear.  (Amended Complaint ("Am. Compl.") (Docket No. 6) 2-3).  Lyons alleges that he told

a correction officer that he had "a constitutional right to have at least one hour of recreation a

day," but either that officer or another officer told Lyons that the officer "doesn't care what the constitution say[s]" and that Lyons would not be allowed to go to recreation.  (*Id.* at 3).  Lyons then complained to a captain, who advised Lyons that he had to wait until jail-issued sneakers were available in his size.  (*Id.*).  Lyons alleges that other inmates were allowed to wear their own sneakers to recreation, but when he tried to do the same, an "officer pull[ed] him out of the crowd and sen[t] [him] back inside."  (*Id.*).  Lyons filed a grievance with respect to his loss of recreation, and a captain from the Board of Correction came to see him and "said she was investigating," but he has not "seen her since."  (*Id.* at 4).[1]  He also contacted an unspecified prisoners' rights organization, which contacted Warden Gumusdere and the Board of Correction on his behalf.  (*Id.* at 5).

Lyons filed this lawsuit on December 1, 2014, originally naming as Defendants the City, the City of New York Department of Correction (the "DOC"), and Warden Gumusdere.  (*See* Docket No. 2).  In an Order entered on March 5, 2015, the Honorable Loretta A. Preska, then Chief Judge of this District, directed Lyons to amend the Complaint to name the parties who were personally involved in the alleged violations of his rights.  (Docket No. 5).  Thereafter, Lyons amended the Complaint to add as Defendants "City of New York Unknown Officers," Officers John Doe, and Captain John Doe.  (Am. Compl. 2).  On June 16, 2015, the Court dismissed Lyons's claims against the DOC because it is an agency of the City that cannot be sued and issued a *Valentin* order directing the City to ascertain the identities of the John Doe defendants.  (Docket No. 8).  The City identified the John Doe captain named in the Amended Complaint (Docket No. 21), but Lyons failed to provide sufficient information for the City to identify the other John Doe defendants and, as a result, his claims against them were dismissed

---

[1]      Lyons later informed the Court that this captain brought him sneakers.  (Docket No. 23).

(*see* Docket No. 28).  Moreover, Lyons did not — as directed — amend his Amended Complaint to name the John Doe captain identified by the City; nor has Lyons served him.

## LEGAL STANDARDS

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *See, e.g.*, *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009).  To survive a Rule 12(b)(6) motion, however, a plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant acted unlawfully."  *Id*.  If the plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed."  *Twombly*, 550 U.S. at 570 (1955).

Because Lyons is proceeding *pro se*, his submissions must be held "to less stringent standards than formal pleadings drafted by lawyers."  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (stating that a court is "obligated to construe a *pro se* complaint liberally").  Nevertheless, *pro se* plaintiffs are not excused from the normal rules of pleading and "'dismissal under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief.'" *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (quoting 2 Moore's Federal Practice § 12.34[4][a] at 12–72.7 (2005)).  That is, the "'duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it.'"  *Id.* (quoting 2 Moore's

Federal Practice § 12.34[1][b], at 12–61 (internal quotation marks omitted)); *see also, e.g.*, *Joyner v. Greiner*, 195 F. Supp. 2d 500, 503 (S.D.N.Y. 2002) (dismissing an action because the *pro se* plaintiff had "failed to allege facts tending to establish" that the defendants violated his constitutional rights).

## DISCUSSION

As noted, Lyons alleges that the conditions of his pretrial confinement — specifically, the denial of recreation — violated his constitutional rights.  To prevail on such a claim, a detainee must show that "the conditions amount to 'punishment' without due process in violation of the Fourteenth Amendment."  *Lareau v. Manson*, 651 F.2d 96, 102 (2d Cir. 1981).  More specifically, the detainee must plead and prove that (1) the alleged conditions resulted in an "unquestioned and serious deprivation[] of [a] basic human need[]"; and (2) the defendants acted with deliberate indifference in imposing those conditions.  *Jolly v. Coughlin*, 76 F.3d 468, 480 (2d Cir. 1996) (internal quotations marks omitted); *see also, e.g.*, *Caiozzo v. Koreman*, 581 F.3d 63, 69-71 (2d Cir. 2009) (noting that the standards applicable to a pretrial detainee under the Fourteenth Amendment are identical to the standards applicable to a convicted prisoner under the Eighth Amendment).  The first prong is an objective one: The detainee must plausibly plead and then prove that the conditions of his confinement violate contemporary standards of decency, *see, e.g.*, *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002), and only grave deprivations that deny "'the minimal civilized measure of life's necessities'" can form the basis for a claim, *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  The second prong is subjective, meaning that the detainee must show that the defendant

knew of and disregarded an "excessive risk to [his] health or safety." *Trammell v. Keane*, 338 F.3d 155, 162 (2d Cir. 2003) (internal quotation marks omitted).

Measured against those standards, Lyons's claim fails as a matter of law.  In particular, he fails to plausibly plead conditions that meet the objective prong of the test.  Although courts have held that the denial of exercise to an inmate can rise to the level of a constitutional violation, "they have found no violation where the inmate has an opportunity for exercise, either in or outside of his cell, and that sporadic infringement of the right to exercise does not rise to the level of a constitutional deprivation." *Huggins v. Schriro*, No. 14-CV-6468 (GBD) (JLC), 2015 WL 7345750, at *6 (S.D.N.Y. Nov. 19, 2015) (internal quotation marks and citations omitted), *report and recommendation adopted by* 2016 WL 680822 (S.D.N.Y. Feb. 18, 2016); *see also, e.g.*, *Williams v. Goord*, 142 F. Supp. 2d 416, 425 (S.D.N.Y. 2001) ("[N]ot every deprivation of exercise amounts to a constitutional violation.  Rather, a plaintiff must show that he was denied *all* meaningful exercise for a *substantial* period of time." (emphases added)).  Here, Lyons does not allege that he was denied *all* meaningful exercise; instead, he alleges only in barebones fashion that he was denied "recreation" for thirty-six days.  (Am. Compl. 2).  Further, his Amended Complaint is silent with respect to his opportunities or lack thereof for other outdoor exercise, and it includes no allegations whatsoever that would permit the Court "to draw a reasonable inference that he could not exercise in his cell.  For example, there is no indication that his cell was any smaller than that of other inmates or that there were special circumstances peculiar to him that required more space for exercise." *Huggins*, 2015 WL 7345750, at *6.  In short, even liberally construed, Lyons's Amended Complaint falls short of alleging a sufficiently serious deprivation to state a claim for deprivation of exercise.  *See, e.g.*, *Gantt v. Horn*, No. 09-CV-7310 (PAE), 2013 WL 865844, at *7 n.6 (S.D.N.Y. Mar. 8, 2013) ("[E]ven assuming that

[the plaintiff] was denied not just morning recreation but recreation at all hours during his [sixty-four-day] incarceration . . . , that denial would not give rise to an Eighth Amendment claim.").[2]

Given the absence of an underlying constitutional violation, Lyons's municipal liability claim against the City fails as well. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978); *Segal v. City of N.Y.*, 459 F.3d 207, 219 (2d Cir. 2006) (holding that where a district court found no underlying constitutional violation, it was correct not to address municipal defendants' liability under *Monell*). Additionally, even if Lyons had stated a claim for violation of his constitutional rights, he fails to allege that the violation resulted from a municipal policy, custom, or practice, as required to state a claim for municipal liability. *See Monell*, 436 U.S. at 690-91. Lyons makes only a conclusory allegation (and not in the Amended Complaint) that the City's policies and procedures caused the staff at AMKC not to obtain jail-issued footwear for him. (Affirm. Resp. Def.'s Mot. To Dismiss (Docket No. 35) ("Lyons Affirmation") ¶ 3). But that does not suffice to state a claim under *Monell. See, e.g.*, *Baines v. City of N.Y.*, No. 10–CV–9545 (JMF), 2014 WL 1087973, at *3 (S.D.N.Y. Mar. 19, 2014) ("[A]bsent extremely severe circumstances, a plaintiff must allege facts — other than those giving rise to individual liability — supporting an inference that the municipality has an unconstitutional policy."). It is also contradicted by the allegations in the Amended Complaint that jail officials allowed some

---

[2]     Even if Lyons had satisfied the objective prong of the test, his claims as to Warden Gumusdere, the only individual Defendant to have been served (and the only individual movant here), would have to be dismissed for failure to allege that Gumusdere knew of, and deliberately disregarded, the violation. In fact, the Amended Complaint contains no allegations of Warden Gumusdere's personal involvement at all — an independent basis for dismissal of Lyons's claim as to him, since personal involvement in the alleged constitutional violation is a prerequisite to liability under Title 42, United States Code, Section 1983. *See, e.g.*, *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).

inmates to go to recreation even without jail-issued footwear.  (Am. Compl. 3).[3]  That is, because

jail officials allowed some inmates to attend recreation without jail-issued footwear, there was

plainly no policy, custom, or practice of denying recreation to all inmates without such footwear.

Finally, Lyons suggests in his opposition that the City removed all shoes from AMKC between

2007 and 2011, but that allegation is irrelevant here because his claim arises out of incidents in

2014.  (Lyons Affirmation ¶ 5).

## CONCLUSION

Accordingly, for the foregoing reasons, Defendants' motion to dismiss is GRANTED.

Although that motion was filed only on behalf of the City and Warden Gumusdere, the Court's

conclusion that Lyons's claims against them fail as a matter of law applies with equal force to

Lyons's claim against the remaining John Doe Defendant.  Additionally, Lyons's claims against

that John Doe Defendant are subject to dismissal for an independent reason.  The Court ordered

Lyons to file a Second Amended Complaint naming the John Doe defendants within thirty days

of receiving information about their identities from the City's counsel (*see* Docket No. 8), and

subsequently reminded him of that obligation (*see* Docket No. 22).  Lyons appears to believe that

he did so (*see* Docket No. 23), but he did not.  More importantly, he also failed to serve the John

Doe Defendant identified by the City within the deadline set by Rule 4(m) of the Federal Rules

of Civil Procedure.  Accordingly, Lyons's claims against the John Doe captain must be and are

dismissed for failure to serve as well.  *See Wilson v. Doe*, No. 14-CV-6465 (PAC) (JLC), 2015

---

[3]     Liberally construed, Lyons's allegation that other prisoners were permitted to wear
personal shoes and participate in recreation could suggest an equal protection "class of one"
claim, *see Vill of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), but any such claim would fail
as well.  Lyons compares himself only to other, unnamed "inmates" (Am. Compl. 3), a "broad
categor[y]" that is not specific enough to "permit an inference" that members of the class "are so
similar to [Lyons] that no rational person could see them as different."  *Green v. McLaughlin*,
480 F. App'x 44, 47-48 (2d Cir. 2012) (summary order) (internal quotation marks omitted).

WL 4619936, at *2 (S.D.N.Y. July 29, 2015) (dismissing claims for failure to comply with a court order and failure to timely identify and serve a John Doe defendant despite the Court's efforts to assist him).[4]

The only remaining question is whether Lyons should be given another opportunity to amend his complaint.  Although leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  Here, Lyons was previously directed to, and did, file an amended complaint to name the individuals who were personally involved in the alleged violation of his rights.  (Docket Nos. 5, 6).  Thereafter, he was directed to, but did *not*, file another amended complaint to name the John Doe defendant who was identified by the City pursuant to the Court's *Valentin* Order.  (Docket Nos. 8, 22).  And finally, Lyons was expressly granted leave to amend his complaint to cure the deficiencies raised in Defendant's motion to dismiss — and explicitly warned that he would "not be given any further opportunity" to do so.  (Docket No. 32).  Lyons, however, did not accept that invitation; nor has he "requested permission to file a Second Amended Complaint." *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug.15, 2014).  As "Plaintiff's failure to fix deficiencies in his previous pleadings is alone sufficient ground to deny leave to amend *sua sponte*," the Court declines to grant such leave here. *Transeo S.A.R.L. v. Bessemer*

---

[4]     In his opposition to Defendant's motion, Lyons appears to ask the Court to appoint counsel. (Lyons Affirmation ¶ 5).  That request is denied as moot in light of the Court's dismissal of Lyons's claims.  Additionally, one of the primary factors in deciding whether to grant an application for counsel is "the merits of plaintiff's case." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam); *see, e.g.*, *Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986).  In light of that, the Court would deny Lyons's request even if it were not moot.

*Venture Partners VI L.P.*, 936 F. Supp. 2d 376, 415 (S.D.N.Y. 2013).  Accordingly, leave to amend is denied and the Amended Complaint is dismissed with prejudice.

The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Plaintiff and to close this case.  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Date:  June 30, 2016
       New York, New York

_____
        JESSE M. FURMAN
   United States District Judge

9